| | |
|---|---|
| ANGELA HENDERSON, )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL "MICK" REYDA, et al., )<br>)<br>      Defendants. ) | No. 3:03-CV-703<br>(Varlan/Guyton) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the Orders [Docs. 72, 73, 87, 105, 115, 117] of the Honorable Thomas A. Varlan, United States District Judge, for disposition of several pretrial motions. The undersigned held hearings on these motions on April 8, 2005, April 14, 2005, and June 3, 2005. The following is a summary of the Court's rulings from these hearings.

**I.     Plaintiff's Motion to Strike Defendants' Expert Witness Disclosures**

Plaintiff moves to strike Defendants' Rule 26(a)(2) disclosure of expert witnesses Roger D. Overholt and J.R. Ensor on the grounds that (1) Defendants did not make timely disclosures of these witnesses as required by Fed. R. Civ. P. 26(a)(1) and (2) that Defendants' disclosures are not sufficient in that they do not contain a list of all publications authored by the witness or a list of all other cases in which the witness has testified. [Doc. 54].

The Court finds that these expert witnesses were timely disclosed in accordance with the Scheduling Order. Rule 26(a)(1) does not govern the disclosure of expert witnesses, and

therefore is inapplicable to witnesses Ensor and Overholt.[1]  As far as any deficiencies in the disclosures themselves, the Court finds that the disclosures substantially comply with the requirements of Rule 26(a)(2).  Further, it appears that the Plaintiff was able to obtain the missing information through the witnesses' depositions; thus, any failure by the Defendants to provide all of the required information in their disclosures was harmless.  Accordingly, Plaintiff's Motion to Strike Defendant Reyda and Knox County's Rule 26(a)(2) Disclosure of Expert Witnesses [Doc. 54] is **DENIED**.

## II.    Plaintiff's Motion to Compel Production of Transcript

Plaintiff moves to compel the production of the transcript of the state criminal proceedings in State v. Reyda.  [Doc. 55].  A portion of the transcript was attached as Exhibit 9 to the Memorandum in Support of Defendant Reyda's Motion for Summary Judgment.  [Doc. 50].

Upon review of the entire record in this case and the arguments of counsel, the Court finds that Plaintiff's Motion to Compel Production of Transcript of Hearing in State v. Reyda [Doc. 55] should be **GRANTED IN PART** and **DENIED IN PART**.  Defendants shall provide to the Plaintiff any portion of the transcript which has already been transcribed.  The Plaintiff shall be entitled to obtain, at her own expense, any other portion of the criminal trial transcript directly from the court reporter.  The Court will not award any costs or sanctions in connection with this motion.

---

[1] Plaintiff contends that because Ensor and Overholt personally trained Reyda in the early 1990's, they are fact witnesses that should have been disclosed pursuant to Fed. R. Civ. P. 26(a)(1).  However, neither Ensor nor Overholt specifically recall training Reyda; therefore, neither expert could be considered a fact witness with respect to this issue.

2

**III.    Plaintiff's Motion to Exclude Expert Testimony**

Plaintiff moves to exclude the expert testimony of Ensor and Overholt. [Doc. 56]. Specifically, Plaintiff contends: (1) that the experts' opinions are not based upon sufficient facts or data; (2) that their testimony would not assist the Court or the jury in determining issues of fact; (3) that the experts merely provide conclusory opinions regarding law enforcement and fail to define a particular, generally accepted field of expertise; (4) that their testimony fails to establish whether the methods used by these witnesses to formulate their opinions have been tested by peer review; and (5) whether the reasoning or methodology used can properly be applied to the facts in issue. [Doc. 56].

Defendants oppose Plaintiff's motion, arguing that Ensor and Overholt have offered opinions on a particular, not general, area of law enforcement conduct (namely, the use of force and the excessive use of force); that the experts' opinions are relevant to the Plaintiff's claims of excessive force and Reyda's defense to that claim; and that the experts' opinions arise out of their specialized knowledge that will assist the trier of fact to understand the evidence and determine facts in issue.  Defendants further argue that the experts' opinions are not conclusory; that their opinions are based upon sufficient facts and data and are derived from reliable principles and methods; and that the experts have strong credentials and well-established expertise in police activities. [Doc. 64].

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion

3

> or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The trial judge must act as a gatekeeper, admitting only that expert testimony that is relevant and reliable. Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579, 589 (1993). With regard to scientific knowledge, the trial court must initially determine whether the reasoning or methodology used is scientifically valid and is properly applied to the facts at issue in the trial. Id. To aid the trial court in this gatekeeping role, the Supreme Court has listed several key considerations: (1) whether the scientific knowledge can or has been tested; (2) whether the given theory or technique has been published or been the subject of peer review; (3) whether a known error rate exists; and (4) whether the theory enjoys general acceptance in the particular field. Id. at 592-94, 113 S. Ct. at 2796.

Although Daubert centered around the admissibility of scientific expert opinions, the trial court's gatekeeping function applies to all expert testimony, including that based upon specialized or technical, as opposed to scientific, knowledge. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147-48, 119 S. Ct. 1167, 1174, 143 L. Ed. 2d 238 (1999); Berry v. City of Detroit, 25 F.3d 1342, 1350 (6th Cir. 1994). The trial court's objective "is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." Kumho Tire, 526 U.S. at 152, 119 S. Ct. at 1175. The trial judge enjoys broad discretion in determining whether the factors listed in Daubert reasonably measure reliability in a given case. Id. at 153, 119 S. Ct. at 1176.

Upon reviewing the affidavits of both Ensor and Overholt, as well as their deposition testimony, the Court finds that these witnesses are properly credentialed and have well-established

expertise. Based upon their skill, training, and experience, they are qualified to testify regarding the issues of the use of force, the force continuum, and excessive force. Further, the Court finds that their testimony is based upon sufficient facts and data and a result of reliable principles and methods. For these reasons, the Court finds that their opinions are relevant and admissible. See Champion v. Outlook Nashville, Inc., 380 F.3d 893, 908 (6th Cir. 2004) ("Courts have permitted experts to testify about discrete police-practice issues when those experts are properly credentialed and their testimony assists the trier of fact."). Accordingly, Plaintiff's Motion to Exclude Expert Testimony on Defendants' Motions for Summary Judgment and at Trial [Doc. 56] is not well-taken and is **DENIED**.

### IV. Plaintiff's Motion For Protective Order and For Sanctions Against Attorney Prince

Plaintiff objects to paying Ensor's and Overholt's deposition fees and seeks sanctions against Attorney Gary Prince for "hiding" these expert witnesses until March 11, 2005 and for directing them to refuse to cooperate in their depositions. [Doc. 78].

Plaintiff failed to comply with the Paragraph 4(i) of the Court's Scheduling Order [Doc. 30] relative to the resolution of discovery disputes. For this reason, Plaintiff's Motion for Protective Order and Sanctions of Fees and Expenses Against Attorney Gary Prince [Doc. 78] is **DENIED**.

### V. Defendants' Motions to Strike Plaintiff's Exhibits and to Exclude Plaintiff's Expert

Defendants move to strike certain exhibits filed by the Plaintiff in support of her response to Defendants' Motions for Summary Judgment. [Docs. 79, 81]. Specifically, Defendants seek to strike (1) the 911 audio juxtaposed onto the video of Reyda's cruiser; (2) the deposition excerpts of Knox County Chief Deputy Dwight Van de Vate, Assistant Chief Robert Sexton, and

Chief Rodney Bivens in <u>Wilson v. Morgan</u>, 3:99-cv-461; and (3) the affidavit of Brent Hatcher. In response to Defendants' motions, Plaintiff submitted a Supplemental Affidavit of Mr. Hatcher, which Defendant Knox County also seeks to strike. [Doc. 103]. Defendants further move to exclude the testimony of Mr. Hatcher on the grounds (1) that Hatcher was not timely disclosed and (2) that he is not a qualified expert. [Doc. 90].

The Court will not strike the exhibit containing the 911 audio juxtaposed onto the cruiser video or the deposition excerpts. Defendants have failed to state a sufficient basis for striking these exhibits at this stage in the proceedings. Defendants may, of course, renew their objections to such evidence should the Plaintiff seek to admit the same at trial.

The Court will, however, strike the affidavits of Brent Hatcher. Plaintiff did not disclose Mr. Hatcher as an expert witness as required by the Scheduling Order [Doc. 30]. Pursuant to the Scheduling Order, all expert disclosures were due by March 11, 2005. Plaintiff filed Mr. Hatcher's affidavit on April 1, 2005, well beyond the deadline for expert disclosures and without first seeking leave to modify the Scheduling Order. "A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1). Plaintiff has failed to provide substantial justification for her untimely disclosure of Mr. Hatcher as an expert witness. Accordingly, Defendants' Motions to Strike and Exclude Certain Exhibits Filed by Plaintiff in Her Response to Defendants' Motion for Summary Judgment [Docs. 79, 81] are **GRANTED** with respect to the Hatcher Affidavit, but is in all other respects **DENIED**. Defendants' Motion to Strike Plaintiff's Filing of Supplemental

6

Affidavit of Brent Hatcher [Doc. 103] is **GRANTED**. Defendants' Motion to Exclude Testimony of Plaintiff's Expert Witness and for Daubert Hearing [Doc. 90] is **GRANTED**.

## VI.   Plaintiff's Provisional Motion to Amend Scheduling Order

Plaintiff "provisionally" moves to amend the Scheduling Order [Doc. 30] in the event Plaintiff's motions to strike and to exclude Defendant's experts are denied so that Plaintiff may present Brent Hatcher as a "contradicting and rebuttal expert." [Doc. 108]. For the reasons set forth above, Plaintiff's Provisional Motion to Amend the Scheduling Order to Permit Rebuttal Expert Testimony [Doc. 108] is not well-taken and is **DENIED**.

## VII.   Defendant's Motion for Judicial Notice

Finally, Defendant Reyda moves the Court to take judicial notice of certain facts relative to the Motion to Compel Production of Transcript and Defendant's subsequent request [Doc. 97] for sanctions arising from that matter. As the Court has already ruled on the motion to compel as well as the parties' respective requests for sanctions, Defendant Reyda's Motion for Judicial Notice [Doc. 114] is moot and therefore shall be **DENIED AS MOOT**.

**IT IS SO ORDERED.**

ENTER:

     s/ H. Bruce Guyton
United States Magistrate Judge

7